IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLEN RAY KELLY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0941-N |
| | § | |
| WELDON KYLE SPURGEON, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Glen Ray Kelly, a Texas prisoner, against Weldon Kyle Spurgeon and his parents. On May 18, 2009, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on June 10, 2009. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

---

[1] Plaintiff originally filed this action in the Fort Worth Division of the Northern District of Texas. The case was subsequently transferred to the Dallas Division. *Kelly v. Spurgeon*, No. 4-09-CV-0279-Y (N.D. Tex. May 21, 2009).

II.

Plaintiff alleges that he was "attacked and slamed [sic] to the ground" by Weldon Kyle Spurgeon while walking across a vacant lot in Cleburne, Texas, on August 7, 2007. The lot is allegedly owned by Spurgeon's parents, Weldon and Wanda. According to plaintiff, Spurgeon twisted his right arm and sat on his back to prevent him from leaving until the police arrived. When the police arrived on the scene, Spurgeon accused plaintiff of operating a motor vehicle while intoxicated and causing an accident by striking the front of his father's truck. By this suit, plaintiff seeks unspecified money damages for the injuries he sustained after being physically assaulted by Spurgeon.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to allege a cognizable claim arising under federal law. In his complaint and interrogatory answers, plaintiff attempts to assert a civil rights claim against Spurgeon and his parents under 42 U.S.C. § 1983. However, only "state actors" may be sued for federal civil rights violations. Private citizens, like defendants, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital,* 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff does not allege that Spurgeon restrained or injured him on orders from a law enforcement officer or other state actor. Instead, it appears that Spurgeon and his parents acted on their own. On these facts, the court is unable to conclude that the conduct of defendants is "fairly attributable to the State." *See Bass*, 180 F.3d at 243 (noting that "citizen's arrest" does not give rise to liability under section 1983); *Lee v. Town of Estes Park*, 820 F.2d 1112, 1114-16 (10th Cir. 1987) (private citizen who apprehended plaintiff and transported him to police station was not acting in concert with police or under color of state law); *Miqui v. City of New York*, No. 01-CV-4628(FB)(VVP), 2003 WL 22937690 at *4-5 (E.D.N.Y. Dec. 5, 2003) (same as to private citizen who chased, tackled, and beat individual he believed to be engaging in criminal activity). To the extent plaintiff sues defendants for providing information to the police, such conduct does not constitute "state action" for purposes of section 1983 liability. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988).

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and all three defendants are citizens of Texas. (*See* Mag. J. Interrog. #1). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] The disposition of this case does not preclude plaintiff from suing defendants in Texas state court.

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE